**SHAO HUI ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Eric H. Holder, Jr.,\* Respondents.**

No. 07–4665–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former acting Attorney General Peter D. Keisler as a respondent in this case.

Yee Ling Poon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, James A. Hunolt, Assistant Director, Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shao Hui Zhang, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA, denying his motion to reopen. *In re Shao Hui Zhang*, No. A095 479 310 (B.I.A. Sep. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zhang's untimely motion to reopen.

Zhang argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

To the extent Zhang argues that the BIA ignored the evidence he submitted, nothing in the record compels us to agree. *See Jian Hui Shao*, 546 F.3d at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).